1
2
3
4
5
6
7
8
9
10

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

11   ANTOINE LeBLANC,

Case No. CV 16-03270 JLS (AFM)

12                Plaintiff,

13        v.

**ORDER DISMISSING COMPLAINT
WITH LEAVE TO AMEND**

14   D. TABAK, *et al.*,

15                Defendants.

16

17

18        On May 12, 2016, plaintiff, a state prisoner presently incarcerated at the

19   California Health Care Facility in Stockton, California, filed a *pro se* civil rights

20   action pursuant to 42 U.S.C. § 1983.  He subsequently was granted leave to proceed

21   without prepayment of the full filing fee.  Plaintiff's claims arise from incidents that

22   took place in June 2015 while he was incarcerated at the California State Prison –

23   Los Angeles County in Lancaster, California ("CSP-LAC").  (ECF No. 1 at 7-8.)[1]

24   Plaintiff names as defendants Chief Deputy Warden Cano, Lieutenant Marshall,

25   and Correctional Officers Tabak and Chambers.  All defendants are named in their

26   official as well as individual capacities.  (*Id.*)  The Complaint raises one claim

27

28   [1]  The Court references the electronic version of the Complaint.

1   pursuant to the First Amendment and one pursuant to the Eighth Amendment.

2   Plaintiff seeks injunctive relief and monetary compensation. (*Id.* at 13-14, 17.)

3       In accordance with the terms of the "Prison Litigation Reform Act of 1995"

4   ("PLRA"), the Court has screened the Complaint prior to ordering service for

5   purposes of determining whether the action is frivolous or malicious; or fails to

6   state a claim on which relief may be granted; or seeks monetary relief against a

7   defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2),

8   1915A(b); 42 U.S.C. § 1997e(c)(1).  The Court's screening of the pleading under

9   the foregoing statutes is governed by the following standards.  A complaint may be

10  dismissed as a matter of law for failure to state a claim for two reasons:  (1) lack of

11  a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.

12  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also*

13  *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether

14  a complaint should be dismissed for failure to state a claim under 28 U.S.C.

15  § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss

16  pursuant to Rule 12(b)(6)).  In determining whether the pleading states a claim on

17  which relief may be granted, its allegations of material fact must be taken as true

18  and construed in the light most favorable to plaintiff.  *See Love v. United States*,

19  915 F.2d 1242, 1245 (9th Cir. 1989).  However, the "tenet that a court must accept

20  as true all of the allegations contained in a complaint is inapplicable to legal

21  conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

22      In addition, since plaintiff is appearing *pro se*, the Court must construe the

23  allegations of the pleading liberally and must afford plaintiff the benefit of any

24  doubt.  *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.

25  1988).  However, the Supreme Court has held that, "a plaintiff's obligation to

26  provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

27  conclusions, and a formulaic recitation of the elements of a cause of action will not

28  do. . . .  Factual allegations must be enough to raise a right to relief above the

2

speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation").

After careful review of the Complaint under the foregoing standards, the Court finds that plaintiff's allegations appear insufficient to state any claim on which relief may be granted. Accordingly, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than November 18, 2016, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[2]

---

[2]   Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as

3

## PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff alleges that, on June 15, 2015, he refused an order by Correctional Officer Tabak to go to his cell.  After a discussion, Officer Tabak put handcuffs on plaintiff and escorted plaintiff to his cell.  (ECF No. 1 at 9-10.)  Officer Tabak "pushed [him] inside the cell without releasing the chain so [plaintiff] was unable to move forward out of the way" as the door closed.  Officer Tabak then yanked on the handcuffs and trapped plaintiff's hands against the tray slot in the door for a "full minute."  The tightened cuffs caused "lacerations and chaffing enough to cause neural damage and numbness." (*Id.* at 10.)  Plaintiff yelled and screamed at the pain. (*Id.* at 11.)  Officer Tabak had the cell door re-opened.  Officer Chambers began calling plaintiff names.  Plaintiff yelled:  "Do not come in my cell, please go get the Sergeant." (*Id.*)  Officer Tabak entered the cell, hit plaintiff on the back of his head, and threw plaintiff "out of the cell." (*Id.*)  Plaintiff was escorted to the "program office" by Officers Chambers and Vasquez, while Chambers continued to call plaintiff names. (*Id.* at 11-12.)

Plaintiff filed "a report of assault and excessive/unnecessary force." (*Id.* at 12.)  Then, on June 23, 2015, Officer Tabak filed a Rules Violation Report ("RVR") against plaintiff for unnecessarily delaying a peace officer.  The RVR was dismissed on July 26, 2015. (*Id.*)  Plaintiff alleges that Officer Tabak wrote the "false" RVR because plaintiff was "exercising his right to use the grievance

---

dispositive of that claim.  Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action.  However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

procedure" and to prevent plaintiff from "going through" with the complaint of excessive force that he had filed on June 15, 2016.  (*Id*. at 15.)

Plaintiff alleges that "[b]oth G. Marshall and X. Cano were complicit in covering up the subsequent investigation."  (*Id*. at 12.)  Plaintiff also alleges that Lieutenant Marshall lied "about violating policy" and allowed Officer Tabak "to continue his lawlessness."  (*Id*. at 13.)  Chief Deputy Warden covered up the investigation, lied "about violating policy," and also allowed Officer Tabak "to continue his lawlessness."  (*Id*.)

## DISCUSSION

### A.   Claims against defendants in their official capacities

First, the Eleventh Amendment bars plaintiff's federal civil rights claims for monetary damages against any individual defendant in his or her official capacity. The Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State consents to waive its sovereign immunity or Congress abrogates it.  *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984).  In addition, "the eleventh amendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages."  *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988).  To overcome this Eleventh Amendment bar, the State's consent or Congress' intent must be "unequivocally expressed."  *Pennhurst*, 465 U.S. at 99.  While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court.  *See BV Engineering v. University of California*, 858 F.2d 1394, 1396 (9th Cir. 1988); *see also Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 241 (1985) (holding that Art. III, § 5 of the California Constitution does not constitute a waiver of California's Eleventh Amendment immunity).  Finally, Congress has not

repealed state sovereign immunity against suits brought under 42 U.S.C. § 1983.

Because the California Department of Corrections and Rehabilitation ("CDCR") is a state agency, it is immune from civil rights claims raised pursuant to § 1983. *See Pennhurst*, 465 U.S. at 100 ("This jurisdictional bar applies regardless of the nature of the relief sought."); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (the Eleventh Amendment bars claim for injunctive relief against Alabama and its Board of Corrections). Further, to the extent that plaintiff is purporting to seek monetary damages against any defendant in his or her official capacity, since all defendants named in the Complaint are employees of the CDCR, any claims for monetary damages in their official capacities pursuant to § 1983 are barred by the Eleventh Amendment.

In addition, to the extent that plaintiff is seeking declaratory or injunctive relief (*see, e.g.,* ECF No. 1 at 13-14, 17), because he has been transferred from CSP-LAC, his transfer renders such request moot. *See Preiser v. Newkirk*, 422 U.S. 395, 402-04 (1975) (inmate's request for declaratory judgment rendered moot by inmate's transfer to another prison); *see also Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) (stating that an inmate's transfer from an institution while his claims are pending will generally moot any claims for injunctive relief relating to the prison's policies).

**B.   Claims pursuant to the First Amendment**

Plaintiff's Claim II alleges a claim pursuant to the First Amendment for "right to petition redress of grievances violated by retaliation." (ECF No. 1 at 15.) Plaintiff does not specify which defendant or defendants this claim is raised against.

To the extent that plaintiff is purporting to state a claim concerning his access to the courts, *see Turner v. Safley*, 482 U.S. 78, 84 (1987) ("[P]risoners retain the constitutional right to petition the government for the redress of grievances . . . ."), that claim has been raised by plaintiff in Case No. CV 15-05174-JLS (AFM). As

set forth in detail in the Court's Orders dismissing his pleadings with leave to amend in that case (*see, e.g,* ECF No. 40), plaintiff's factual allegations are insufficient to establish that the acts or omissions of prison officials at CSP-LAC caused an "actual injury" that "hindered his efforts to pursue a [non-frivolous] legal claim." *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009) (alteration in original, internal quotation marks omitted).

To the extent that plaintiff is purporting to allege a claim for retaliation against Officer Tabak, an action taken in retaliation for the exercise of a First Amendment right is actionable. *See Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Further, filing a grievance with prison officials is a protected activity under the First Amendment. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). However, a prisoner does not have a due process right to be free from false accusations of misconduct. *See, e.g., Hines*, 108 F.3d at 269 ("there are no procedural safeguards protecting a prisoner from false retaliatory accusations"); *Buckley v. Gomez*, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997) (prisoners have no "constitutional right to be free from wrongfully issued disciplinary reports"), *aff'd without opinion*, 168 F.3d 498 (9th Cir. 1999). Here, it appears that plaintiff is purporting to allege that Officer Tabak wrote a "false" RVR as retaliation against plaintiff because plaintiff was "exercising his right to use the grievance procedure." (ECF No. 1 at 14-15.) Plaintiff also appears to allege that Officer Tabak filed the RVR to prevent plaintiff from "going through" with plaintiff's administrative grievance that he filed alleging excessive force. (*Id.* at 15.)

These allegations, accepted as true and construed in the light most favorable to plaintiff, arguably are sufficient to plausibly suggest a causal connection between plaintiff's protected conduct and the filing of a RVR against plaintiff by Officer Tabak. If plaintiff wishes to state a claim for retaliation against Officer Tabak, he should set forth a "short and plain statement" of such claim." Fed. R. Civ. P. 8(a).

**C.**     **Claims pursuant to the Eighth Amendment**

Plaintiff's Claim I appears to be alleging a claim pursuant to the Eighth Amendment against all defendants.

The use of excessive force by a prison official against a convicted prisoner constitutes a violation of the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). However, not "every malevolent touch by a prison guard" violates a prisoner's constitutional rights. *Hudson*, 503 U.S. at 9; *see also Watison v. Carter*, 668 F.3d 1108, 1113 (9th Cir. 2012). The use of force against prisoners "does not amount to a constitutional violation . . . if it is applied in a good faith effort to restore discipline and order and not 'maliciously and sadistically for the very purpose of causing harm.'" *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002). (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)); *see also Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013) (the constitutional analysis turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm").

Here, plaintiff's factual allegations, accepted as true and construed in the light most favorable to plaintiff, may be sufficient to plausibly suggest that Officer Tabak used force maliciously and sadistically during the incident on June 15, 2015.

However, to the extent that plaintiff is purporting to raise an Eighth Amendment claim against Officer Chambers arising from his use of derogatory language, threats or verbal harassment by prison officials do not give rise to a federal civil rights claim. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998) (verbal harassment is not cognizable as a constitutional deprivation under §1983); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (prison guards' threat of bodily harm failed to state a claim under § 1983). As the Ninth Circuit has explained, "the exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons of which we do not approve, but which do not violate the Eighth

Amendment." *Watison*, 668 F.3d at 1113 (internal quotation marks omitted).

Further, to the extent that plaintiff may be purporting to state a claim against Officer Chambers for the use of excessive force, plaintiff's only factual allegation against Chambers pertains to the officer's name calling and escorting plaintiff following the incident. (*See* ECF No. 1 at 11.) Plaintiff does not allege that Officer Chambers was present or in the cell during Officer Tabak's use of force. Accordingly, the factual allegations in the Complaint are insufficient to allege that Officer Chambers took any action, participated in another's action, or omitted to perform an act that he was legally required to do that caused a violation of plaintiff's constitutional rights. "A person deprives another 'of a constitutional right,' within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiffs complain].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis and alteration in original)).

The Court therefore finds that plaintiff may be able to state a claim against Officer Tabak pursuant to the Eight Amendment if he sets forth a "short and plain statement" of such claim. The factual allegations of the Complaint, however, even accepted as true and construed in the light most favorable to plaintiff, are insufficient to nudge any claim against Officer Chambers "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

The claims against Chief Deputy Warden Cano and Lieutenant Marshall are addressed below.


**D.    Claims against Chief Deputy Warden Cano and Lieutenant Marshall**

Regarding Chief Deputy Warden Cano and Lieutenant Marshall, Plaintiff makes the conclusory allegation that "[b]oth G. Marshall and X. Cano are complicit in covering up the subsequent investigation." (ECF No. 1 at 12.) Plaintiff also

1   alleges that these defendants lied "about violating policy" and allowed Officer

2   Tabak "to continue his lawlessness," but plaintiff only sets forth factual allegations

3   concerning the one incident with Officer Tabak.  (*Id*. at 13.)

4        First, to the extent that plaintiff is purporting to state a claim arising from any

5   lies that these defendants told about violations of prison policies, a defendant's

6   alleged failure to comply with state law or prison regulations does not give rise to a

7   federal civil rights claim.  Rather, in order to state a claim against a particular

8   defendant for violation of his civil rights under 42 U.S.C. § 1983, plaintiff must

9   allege that a specific defendant, while acting under color of state law, deprived him

10   of a right guaranteed under the United States Constitution or a federal statute.  *See*

11   *West v. Atkins*, 487 U.S. 42, 48 (1988); *Karim-Panahi*, 839 F.2d at 624.  Here,

12   plaintiff does not allege that defendants Cano or Marshall took any act, participated

13   in the act of another, or failed to take any action they were required to do that

14   caused plaintiff any constitutional deprivation.  *See Leer*, 844 F.2d at 633.

15        Second, plaintiff appears to be seeking to hold these two defendants liable

16   based solely on their supervisory role.   However, the Supreme Court has

17   emphasized that "Government officials may not be held liable for the

18   unconstitutional conduct of their subordinates under a theory of respondeat

19   superior."  *Iqbal*, 556 U.S. at 676.  Rather, plaintiff must allege that each defendant

20   "through the official's own individual actions, has violated the Constitution."  *Id.* at

21   676-77 ("each Government official, his or her title notwithstanding, is only liable

22   for his or her own misconduct").  *See also Starr*, 652 F.3d at 1207 (a supervisor is

23   liable only if he or she is personally involved in the constitutional deprivation or

24   there exists a "sufficient causal connection between the supervisor's wrongful

25   conduct and the constitutional violation" (internal quotation marks omitted).

26        Third, to the extent that plaintiff is purporting to state a claim against

27   defendants Cano and Marshall arising from their alleged failure to adequately

28   investigate or address plaintiff's administrative grievance against Officer Tabak

(*see* ECF No. 1 at 20-21), a prisoner has no constitutional right to an effective grievance or appeal procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that a prisoner has no constitutional right to an effective grievance or appeal procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  In addition, the guarantee of procedural due process under the Fourteenth Amendment applies only when a constitutionally protected liberty or property interest is at stake. *See Ingraham v. Wright*, 430 U.S. 651, 672 (1977); *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).  An administrative appeal system does not implicate a liberty interest protected by the Due Process Clause.  *See, e.g., Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  In his Complaint, plaintiff fails to set forth factual allegations that raise a reasonable inference that any defendant responsible for handling plaintiff's grievances "actually knew" that his or her failure to adequately resolve the grievances placed plaintiff at a serious risk.  *See, e.g., Peralta v. Dillard*, 744 F.3d 1076, 1087 (9th Cir. 2014) (*en banc*) (defendant's "failure to follow required procedure for inmate appeals "isn't, of itself, enough to establish a violation of [prisoner's] constitutional rights," the prisoner mush show both that the failure "put inmates at risk" and that the defendant "*actually knew* that his actions put inmates at risk" (emphasis in original)), *cert. denied*, 135 S. Ct. 946 (2015).

The Court therefore finds that the Complaint fails to state a claim upon which relief may be granted against any defendant.

************

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than November 18, 2016, remedying the pleading deficiencies discussed above.**  The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize.  Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint.

Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a).  The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED**.

DATED:  October 18, 2016

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE